IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DeANDRE D. CURRINGTON, #269990, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 1:18-CV-150-WHA |
| | ) |
| SHERIFF WALLY OLSON, et al., | ) |
| | ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

DeAndre D. Currington, an indigent inmate, initiated the instant 42 U.S.C. § 1983 action on March 5, 2018. In this civil action, Currington challenges the constitutionality of his arrest on February 2, 2018. Doc. 1 at 2–3.

The order of procedure entered on March 8, 2018 instructed Currington to inform the court immediately of any new address. Doc. 4 at 3, ¶7 ("The plaintiff shall immediately inform the court and the defendants or, if counsel has appeared on behalf of the defendants, counsel of record of any change in his address. Failure to provide a correct address to this court within ten (10) days following any change of address will result in the dismissal of this action."). The docket indicates that Currington received a copy of this order. However, the postal service returned as undeliverable an order entered on April 24, 2019 (Docs. 108) because Currington no longer resided at the last address he had provided to the court for service.[1]

---

[1] The last address provided by Currington is the Dale County Jail. Doc. 109.

Based on the foregoing, the court entered an order requiring Currington to inform the court of his current address on or before August 28, 2019.  Doc. 110 at 1.  This order directed Currington to "show cause why this case should not be dismissed for his failure to comply with the orders of this court and his failure to adequately prosecute this action."  Doc. 110 at 1–2.  The court "specifically cautioned [Currington] that if he fails to respond to this order the Magistrate Judge will recommend that this case be dismissed."  Doc. 110 at 2.  As of the present date, Currington has failed to provide the court with his current address pursuant to the directives of the orders entered in this case.  The court therefore concludes that this case should be dismissed.

The court has reviewed the file to determine whether a less drastic measure than dismissal is appropriate.  *See Abreu-Velez v. Board of Regents of Univ. System of Georgia*, 248 F. App'x 116, 117–18 (11th Cir. 2007). After such review, the court finds that dismissal of this case is the proper course of action. Initially, the court notes that Currington is an indigent individual and the imposition of monetary or other punitive sanctions against him would be ineffectual.  Moreover, Currington has failed to comply with the orders entered by this court regarding providing a current address. It likewise appears that Currington is simply no longer interested in the prosecution of this case and any additional effort to secure his compliance would be unavailing and a waste of this court's scarce resources.  Finally, this case cannot properly proceed when Currington's whereabouts are unknown.

Accordingly, the court concludes that Currington's failure to comply with the orders of this court warrant dismissal of this case. *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (holding that, as a general rule, where a litigant has been forewarned dismissal for failure to obey a court order is not an abuse of discretion). The authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962). This authority empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id*. at 630–31; *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (holding that a "district court possesses the inherent power to police its docket."). "The sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice." *Id*.

For the above stated reasons, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice.

On or before **October 25, 2019** the parties may file objections to the Recommendation. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made. Frivolous, conclusive, or general objections to the Recommendation will not be considered.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered

in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE, on this the 10th day of October, 2019.

/s/ Susan Russ Walker
Susan Russ Walker
United States Magistrate Judge